Case 2:25-cv-00111   Document 34   Filed on 09/05/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
September 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANNY ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00111 |
| | § | |
| BRIAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND MEMORANDUM AND RECOMMENDATION

Plaintiff Danny Allen, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. At the time Plaintiff filed her complaint, she was confined at the Texas Department of Criminal Justice's ("TDCJ") McConnell Unit in Beeville, Texas. (D.E. 1, p. 7). Plaintiff subsequently has been transferred to the James V. Allred Unit in Iowa Park, Texas. (D.E. 11, p. 2; D.E. 11-1).

Pending before the Court are Plaintiff's various filings in response to the Court's Orders (D.E.'s 20 & 25) issued on July 16 and August 21, 2025. (*See* D.E.'s 27, 30, 31, 32, & 33). For the reasons set forth below, the undersigned **ORDERS** that many of these filings are **STRUCK**. The undersigned further respectfully recommends that this action be **DISMISSED without prejudice** for want of prosecution because Plaintiff has failed to submit an amended complaint in compliance with the July 16 Order.

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.     BACKGROUND**

Plaintiff names the following defendants in her original complaint: (1) TDCJ Executive Director Brian Collier; (2) "Any and all unidentified security and/or guard of 12 Building AB-16-B"; and (3) "Mid-level practitioners." (D.E. 1, pp. p. 5). Plaintiff states that she arrived at the McConnell Unit from the Connally Unit sometime in early 2025. *Id.* at 11. A review of Plaintiff's complaint reveals that her allegations arise from incidents of sexual harassment and denial of placement in safekeeping upon her arrival at the McConnell Unit. *Id.* at 10-17. In a subsequent letter, Plaintiff cited an incident on May 3, 2025 regarding an altercation with an inmate named Garcia which resulted in serious injuries to Plaintiff and a transfer to the Allred Unit. (D.E. 11, pp. 2-3).

On July 16, 2025, the undersigned issued an Order to File an Amended Complaint, directing Plaintiff to file an amended complaint on or before August 18, 2025. (D.E. 20). The undersigned's July 16 Order contained several instructions, cautions, and directives. First, the Order expressly provided Plaintiff an opportunity to present her best case by asserting "all of her claims related to her confinement in the McConnell Until arising from alleged incidents of sexual or other physical assault due to the failure of prison officials to place her in safekeeping." (D.E. 20, p. 2). The undersigned next stated:

> Plaintiff is cautioned, however, that a proper pleading under the Federal Rules of Civil Procedure must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff, therefore, should take care in not presenting her claims in a stream of consciousness narrative that is unorganized, confusing and difficult to decipher. Plaintiff is further cautioned, however, that some of her claims may not arise out of the same factual scenario and are subject to being severed from this action or dismissed without prejudice.

*Id.*

The undersigned then directed Plaintiff as follows:

- Plaintiff shall title her amended pleading as "Plaintiff's Amended Complaint" with case number 2:25-cv-00111 included on the top of the first page;

- Plaintiff shall mail or deliver her amended complaint to the United States Courthouse, Attn: District Clerk, 1133 North Shoreline Blvd., Corpus Christi, Texas 78401;

- In her amended complaint, for each claim, Plaintiff shall make a short and plain statement of the claim showing that she is entitled to relief;

- In her amended complaint, Plaintiff shall state the dates when she was housed at the McConnell Unit;

- In her amended complaint separately list each defendant and explain in a short, factual statement what each defendant did to violate Plaintiff's rights during her stay at the McConnell Unit and explain why the person is named as a defendant;

- Plaintiff shall describe her injuries in more detail and shall state the specific relief she is seeking in this civil action (i.e. money damages, injunctive relief, or both);

- Plaintiff shall not reference or incorporate by reference her original complaint filed in this case or any documents filed in any other case. Plaintiff's amended complaint will take the place of the original complaint and will become the only operative pleading in this case. When screening

>this case and deciding whether Plaintiff's claims should be retained or dismissed, the Court will not consider any matter raised in the original complaint or any other pleading, motion, or filing. The Court will only consider claims raised in the amended complaint, assuming it complies with the instructions in this Order. Any defendant not specifically named in the amended complaint will be considered voluntarily dismissed by Plaintiff.

*Id.* at 3. Plaintiff was warned, *inter alia*, that: (1) the Court would not consider any claim that is not listed in her amended complaint; (2) Plaintiff may not be given another opportunity to amend; (3) unrelated claims may be either be dismissed without prejudice to being refiled or severed into separate actions for which she will have to pay separate filing fees even if those cases are dismissed; and (4) Plaintiff's failure to comply with the directives in this Order may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice. *Id.* at 5.

Because Plaintiff did not file any response to the July 16 Order, the undersigned ordered Plaintiff to show cause on or before September 10, 2025, why this case should not be dismissed for want of prosecution. (D.E. 25, p. 2). In that Order issued on August 21, 2025, the undersigned instructed Plaintiff that she would successfully comply by filing an amended complaint in response to the questions and directives posed in the July 16 Order. *Id.* Plaintiff subsequently filed the following:

- two advisories (D.E.'s 27 & 30);

- a letter docketed as a motion/petition for relief (D.E. 31);

- a letter docketed as a "Motion/Petition Habeas Corpus" (D.E. 32); and

- a completed § 1983 form complaint docketed as an Amended Complaint (D.E. 33).

## III.   DISCUSSION

### A.   First Advisory

In her first advisory, Plaintiff claims that she was denied access to the courts based on the failure of the McConnell Unit's law library's refusal to provide information about her inmate trust fund account. (D.E. 27). However, as Plaintiff was instructed in the July 16 Order, any claims raised in a pleading, motion, or filing not determined to be an amended complaint in compliance with the July 16 Order will not be considered in this case. (*See* D.E. 20, p. 3). Plaintiff's advisory was not filed as an amended complaint and otherwise wholly fails to comply with the instructions, directions and cautions set forth in the July 16 Order.

Furthermore, Plaintiff's allegations related to denial of access to the courts are unrelated to her claims arising from any alleged incidents of sexual or other physical assault due to the failure of prison officials to place her in safekeeping.[1] Plaintiff has been warned that unrelated claims are subject to dismissal without prejudice to being refiled in a separate action. Plaintiff's advisory (D.E. 27), therefore, is **STRUCK** from this case.

### B.   Second Advisory

In her second advisory, Plaintiff references an incident occurring on March 17, 2023 at the Garza West Unit, in which she was allegedly subjected to excessive force and gender

---

[1] Rule 18(a) of the Federal Rules of Civil Procedure only allows a plaintiff to join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Rule 20 of the Federal Rules of Civil Procedure, in turn, only allows the joinder of several parties if the claims arose out of the same transaction, occurrence, or series of transactions and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). In other words, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

discrimination. (D.E. 30). The incident referenced by Plaintiff is the subject of a previous action filed by Plaintiff, *Allen v. Crow, et al.*, No. 2:24-CV-225 (S.D. Tex. 2024) ("*Allen v. Crow*"). Plaintiff's advisory, therefore, should not have been filed in this action which contains claims related to the May 3, 2025 altercation with another inmate. Accordingly, Plaintiff's advisory (D.E. 30) is **STRUCK** from this case. Plaintiff should be mindful to submit filings related to the March 17, 2023 incident in *Allen v. Crow* and not this action.

### C. Motion/Petition for Relief

In her Motion/Petition for Relief, Plaintiff seeks habeas corpus relief with regard to her housing situation at the Allred Unit, the unit to which he was transferred from the McConnell Unit following the May 3, 2025 alleged assault by another inmate. (D.E. 31, p. 1). Plaintiff's claims, as set forth in this filing, primarily relate to her confinement at the Allred Unit and are unrelated to: (1) the alleged incidents of sexual or other physical assault occurring at the McConnell Unit; and (2) the failure of prison officials at the McConnell Unit to place her in safekeeping while confined there. Indeed, in seeking placement in protective "safekeeping" custody at the Allred Unit, Plaintiff's claims ultimately seek relief from prison officials at the Allred Unit rather than McConnell Unit officials. Such claims should, therefore, be brought in a separate action and filed in the district where the Allred Unit is located. *See* Fed. R. Civ. P. 20(a)(2).

In all other respects, Plaintiff's Motion/Petition for Relief (D.E. 31) was not submitted as an amended complaint and otherwise wholly fails to comply with the instructions, directions and cautions set forth in the July 16 Order. This motion purportedly

seeking to add claims in response to the July 16 Order (D.E. 31), therefore, is **STRUCK** from this case.

### D. Motion/Petition Habeas Corpus

In another filing docketed as a "Motion/Petition Habeas Corpus" (D.E. 32), Plaintiff advances claims that, while arising at the McConnell Unit, challenge the denial of certain hormone treatments as well as other medical treatments such as sex reassignment surgery. As with the claims raised in his other filings, Plaintiff's claims involving the denial of hormone treatment are unrelated to: (1) the alleged incidents of sexual or other physical assault occurring at the McConnell Unit; and (2) the failure of prison officials at the McConnell Unit to place her in safekeeping while confined there. As such claims arise out of separate transactions and occurrences, they should also be brought in a separate action. *See* Fed. R. Civ. 20(a)(2).

In all other respects, "Motion/Petition Habeas Corpus" (D.E. 32) was not submitted as an amended complaint and otherwise wholly fails to comply with the instructions, directions and cautions set forth in the July 16 Order. This motion purportedly seeking to add claims in response to the July 16 Order (D.E. 32), therefore, is **STRUCK** from this case.

### E. Amended Complaint

Lastly, Plaintiff has submitted a § 1983 form complaint which has been docketed as an Amended Complaint. (D.E. 33). Plaintiff names the following defendants in her Amended Complaint:

- Inmate Garcia;

- Guard Butler;

- Guard Constantine;

- Warden Tanner;

- Assistant Warden Tanner;

- Unknown TDCJ guards;

- Mid-level Practitioners;

- Warden Brian Collier;

- "Warden Broadcasting from Connally Unit TDCJ";

- Kevin Collier;

- The Beeville City Council;

- Texas State Patrol;

- "Owners, Investors, Chair Holders of McConnell Unit";

- Texas Rangers;

- Major Veronica;

- "TDCJ Transport Driver to off Facility Emergency Room Hospital";

- "Texas Chief Disciplinary Councellor [sic]";

- Governor Gregg Abbott;

- State of Texas;

- "News Media San Antonio, Texas Broadcast";

- Inmates of McConnell Unit Church; and

- "98.7 Stampede 'Split Milk' (scripped 106.7 FM Delaware Company 'Cox Radio,' San Antonio, Texas) Owner[s], Investor[s], Chairholder[s]."

*Id.* at 6-7.

Plaintiff's Amended Complaint appears to represent her attempt to comply with the July 16 Order as she at least discusses the May 3, 2025 altercation with an inmate named Garcia which resulted in serious injuries and a transfer to the Allred Unit. *Id.* at 8. However, a review of the Amended Complaint reflects that it too fails to comply with the July 16 Order in many respects.

Contrary to the directives in the July 16 Order, Plaintiff failed to title her pleading as "Plaintiff's Amended Complaint." (*See* D.E. 33, p. 1). Next, on page 14 of her Amended Complaint, Plaintiff lists several claims including: First Amendment right to associate, denial of access to courts, Fourteenth Amendment equal protection violations, gender discrimination, Eight Amendment violations, and violations of the Texas Constitution. *Id.* at 14. Nowhere in her Amended Complaint, however, does she offer a short and plain statement of facts supporting many of these claims, as required by the July 16 Order.

The July 16 Order further required Plaintiff to "separately list each defendant and explain in a short, factual statement what each defendant did to violate Plaintiff's rights during her stay at the McConnell Unit and explain why the person is named as a defendant." (D.E. 20, p. 3). While Plaintiff lists numerous defendants in her Amended Complaint, she fails to explain in any amount of detail how each defendant violated Plaintiff's rights at the McConnell Unit in connection with the May 3, 2025 altercation or failure to place her in safekeeping during her stay at the McConnell Unit.

Rather than provide a short and plain statement of her claims, or even facts in support of her claims against each named defendant, Plaintiff diverts her discussion in a confusing manner to seeking federal subpoenas regarding cellular frequencies and the use of electronic devices on May 3, 2025. (D.E. 33, p. 10). She further references in a completely incomprehensible fashion unspecified communications involving Plaintiff and other individuals including Bexar County sheriffs (who possibly double as Dairy Queen and Pizza Hut owners) and various officials employed at the Connally Unit, the McConnell Unit, and the Bexar County Adult Detention Center. *Id.* Plaintiff was cautioned in the July 16 Order not to present her claims in a stream of consciousness narrative that is unorganized, confusing and difficult to decipher. (D.E. 20, p. 2). Rather than comply, Plaintiff has submitted a pleading utilizing a stream of consciousness even more unorganized and confusing.

Lastly, rather than confining her allegations and claims to incidents arising at the McConnell Unit—as required by the July 16 Order—Plaintiff devotes some of her discussion to presenting allegations challenging the conditions of her confinement at the Allred Unit. (D.E. 33, pp. 11-12). Again, the July 16 Order only directed Plaintiff "an opportunity to present all of her claims **related to her confinement in the McConnell Unit** arising from alleged incidents of sexual or other physical assault due to the failure of prison officials to place her in safekeeping." (D.E. 20, p. 2 (emphasis added)).

The undersigned does not find it necessary to strike the Amended Complaint (D.E. 33) as it represents Plaintiff's only real attempt to comply with the July 16 Order. Indeed,

the July 16 order clearly stated that the Court would "only consider claims raised in the amended complaint, assuming it complies with the instructions in this Order." (D.E. 20, p. 3). However, as discussed above, Plaintiff's Amended Complaint fails to comply with the directives, instructions, and cautions set forth in the July 16 Order in many meaningful respects.

A district court may dismiss a case for failure to prosecute or comply with court orders. Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) ("The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant."). The undersigned warned Plaintiff in the July 16 Order that her "failure to comply with the directives in this Order may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice." (D.E. 20, p. 5). Overall, Plaintiff fails to present her claims and allegations in her Amended Complaint in any kind of comprehensible fashion to allow the Court to evaluate and screen that pleading. Her Amended Complaint, especially when coupled with her various filings discussed above which were wholly noncompliant with the July 16 Order and containing claims unrelated to this action, support the conclusion that this action should be dismissed under Rule 41(b) for want of prosecution.

## IV.     ORDER AND RECOMMENDATION

None of Plaintiff's filings —whether considered separately or together—comply with the instructions, directives, and cautions contained in the July 16 Order. Because Plaintiff was directed to submit only one amended complaint and based on the reasons

discussed above, **IT IS ORDERED** that the following filings be **STRUCK** from this action:

- two advisories (D.E.'s 27 & 30);

- a letter docketed as a motion/petition for relief (D.E. 31); and

- a letter docketed as a "Motion/Petition Habeas Corpus" (D.E. 32).

**IT IS FURTHER RESPECTFULLY RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) because Plaintiff's Amended Complaint (D.E. 33) fails to comply with the instructions, directives, and cautions contained in the July 16 Order.

Respectfully recommended on September 5, 2025.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).